IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKLIN WILLIAMS [EZ-7264] | : : : : : | CIVIL ACTION |
| v. | : : : | |
| DAVID GIGUGLIELMO, et. al., | : | NO.   07-4894 |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL                                                                                April 10, 2008
UNITED STATES MAGISTRATE JUDGE

　　　　Presently before this Court is a counseled petition for writ of habeas corpus filed, pursuant to 28 U.S.C. § 2254, by a state prisoner.  Petitioner is currently incarcerated at the State Correctional Institution in Graterford, Pennsylvania, serving a nineteen (19) to thirty-eight (38) year term of imprisonment, followed by five (5) years probation for robbery, aggravated assault, possession of an instrument of crime, and criminal conspiracy.  As set forth more fully below, it is recommended that the within habeas petition be denied and dismissed as untimely under 28 U.S.C. §2244(d)(1).  It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.

### I. BACKGROUND[1]

　　　　The background of this case was set forth by the Superior Court of Pennsylvania as follows:

---

[1] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. Williams' Petition for Writ of Habeas Corpus, inclusive of all exhibits thereto; Petitioner's Memorandum of Law in Support of his §2254 Habeas Corpus Petition, and its exhibits; the Government's Response to Petitioner's Memorandum of Law, and the state court record.

Williams's conviction stems from a late night assault and robbery outside the victim's home on April 7, 2001. Williams and another man approached the home of Lamar Boyer, who was outside on his porch with his cousin, Jetquatta Parker, and his friend, Preston Jones. After a brief exchange of words, Williams pulled out a revolver. Boyer and Williams began struggling for the gun. Williams's accomplice hit Boyer on the head and Boyer fell to the ground. As Boyer was curled up on the ground, both men punched and kicked him. Williams then hit Boyer in the mouth with the butt end of the gun, damaging several teeth and cutting his lip and chin region. Williams then instructed his accomplice to take Boyer's gold necklace. The accomplice yanked on Boyer's chain until it broke and removed it from his neck. The chain was not recovered.

Boyer's facial cut required several stitches, and he has a scar on his chin. The injury required extraction of his lower front teeth, causing a gap. Boyer testified that approximately a month before this incident, he and Williams engaged in a fistfight, which Boyer won. The Commonwealth argued that revenge for losing a fistfight to a smaller man in front of many witnesses was Williams's motive for the robbery and assault.

The Honorable Juan R. Sanchez presided over William's trial. On November 1, 2001, Williams was found guilty. After sentencing, Judge Sanchez appointed Robert Brendza to represent Williams. Attorney Brendza filed a post sentence motion alleging that Williams's prior counsel was ineffective. The trial court agreed and granted Williams a new trial. At his second jury trial, which was also before Judge Sanchez, the evidence presented was substantially similar to the first trial. However, Preston Jones, a witness who testified for the prosecution at the first trial, did not testify at the second trial. The Commonwealth maintained that it could not locate him after a reasonable effort. Accordingly, the trial court permitted the Commonwealth to read into the record Jones's testimony from the first trial.

Williams was found guilty of three counts of robbery, two counts of aggravated assault, possessing instruments of crime, and criminal conspiracy. On December 18, 2003, Judge Sanchez sentenced Williams to ten to twenty years' incarceration for robbery, nine to eighteen years' for the criminal conspiracy to run consecutively to the robbery sentence, and five years' probation for possessing instruments of crime. Attorney Brendza did not file any post-sentence motions. Once the ten-day period in which Williams

>could file post-sentence motions had ended, Williams privately retained a new attorney, Linda Berman. On January 12, 2004, Attorney Berman filed a Motion for Leave to File Post-Trial Motion Nunc Pro Tunc. That same day, Judge Sanchez denied the motion. Williams, via Attorney Berman, then filed a timely Notice of Appeal.

*Commonwealth v. Williams*, No. 298 EDA 2004 slip op. 2-3 (Pa. Super. December 21, 2004).

On December 21, 2004, Mr. Williams, on direct appeal, raised the following issues to the Pennsylvania Superior Court:

>1. Did the trial court commit an abuse of discretion or error of law in denying the Motion for Leave to File Post-Trial Motion Nunc Pro Tunc?
>
>2. Did the trial court violate [Williams's] due process rights in denying the Motion for Leave to File Post-Trial Motion Nunc Pro Tunc?
>
>3. Did the trial court commit an abuse of discretion or error of law in allowing the testimony of Preston Jones from the first trial to be read into the record?
>
>4. Was the evidence sufficient to convict on the robbery counts?

*Id.* at 4. The judgment was affirmed on December 21, 2004. *Id.* at 9.

On December 7, 2005, Petitioner filed a counseled petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §9451, *et seq.* in which Mr Williams alleged that his "trial counsel was ineffective for failing to object to the Court's jury instructions that the jury needed 1) to consider whether the [Petitioner] was proven guilty or not guilty by the evidence beyond a reasonable doubt, and 2) to decide which evidence/testimony it believed to be truthful and which it rejected as untrue and inaccurate". *Commonwealth v. Williams,* No. CR-01747-2001 slip op. at 2 (C.C.P. Chester County, April 5, 2006). A hearing was held on March 29, 2006, and the PCRA court dismissed the petition on April 5, 2006. *Id.*

Mr. Williams appealed the PCRA order on April 19, 2006, raising the following issues:

> I. Was trial counsel ineffective for failing to raise an objection to the court's jury instructions that positioned the case so that the jury would have to determine who to believe-thereby placing a burden of being believed on the [Petitioner's] testimony and his defense- and also depriving him of reasonable doubts to which he was entitled under the Federal Constitution?
>
> II. Does the fact that the trial court gave general instructions that the [petitioner] had no burden to prove that he was not guilty and that the Commonwealth had the duty of proving each and every element of the offense cure or overcome the conflicting and unconstitutional instructions it gave as to the jury's obligation to determine which conflicting testimony to believe?

*Commonwealth v. Williams,* No. 1054 EDA 2006 slip op. at 2 (Pa. Super. January 24, 2007). On January 24, 2007, the Superior Court affirmed the PCRA court's order dismissing his petition. *Id.* at 8. The Supreme Court of Pennsylvania denied *allocatur* on September 13, 2007. *See Commonwealth v. Williams,* No. 153 MAL 2007 (Pa. September 13, 2007).

On November 16, 2007, Petitioner signed[2] the instant counseled federal habeas petition raising the following as a basis for granting habeas relief:

> I. Trial counsel was ineffective for failing to raise an objection to the court's jury instructions that positioned the case so that the jury would have to determine who to believe- thereby placing a burden of being believed on his defense witness-and also depriving him of reasonable doubts to which he was entitled under the federal constitution.
>
> II. The fact that the trial court gave general instructions that the [petitioner] had no burden to prove he was not guilty and that the Commonwealth had the burden of proving each and every element of the offense did not cure or overcome the conflicting and unconstitutional instructions it gave as to the jury's obligation to determine which conflicting testimony to believe.

---

[2] Under the prison mailbox rule, I will accept November 16, 2007, as the date of filing. *See Burns v. Morton,* 134 F.2d 109, 113 (3d Cir. 1998).

Petition at -1-. The Commonwealth denies that Mr. Williams is entitled to federal habeas corpus relief because his petition is time-barred. *See* Response at 11.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA or the "Act")[3] signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions. One of the amended provisions, 28 U.S.C. § 2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year from the date on which the petitioner's judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1).[4]

In the instant case, the Pennsylvania Superior Court, on direct appeal, affirmed Mr. Williams' conviction on December 21, 2004. Consequently, his conviction became final on January 21, 2005, when the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. The instant petition was filed almost three weeks beyond the time limit set by §2244(d)(1). The amended habeas statute does include a tolling provision for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending." 28 U.S.C. § 2244(d)(2). On December 7, 2005, Mr. Williams filed his first PCRA petition- 320 days into the AEDPA limitation period. This timely petition for state collateral relief tolled the one-year limitation period, but only while it was pending.

---

[3] Pub. L. No. 104-132, 110 Stat. 1214, 1219 (1996), effective date April 24, 1996.

[4] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occurs latest. In addition to the date on which the petitioner's the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;" (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1)(A)-(D).

There is nothing in the pleadings before me to suggest that the start date for the statute of limitations period should be permitted to run from a point later than the date on which Mr. Williams' conviction became final.

On September 13, 2007, the Supreme Court of Pennsylvania dismissed Petitioner's appeal.  The AEDPA limitation period began to run again on September 13, 2007.  The deadline for the filing of Mr. Williams' petition would have been 45 days later, or October 28, 2007.  The instant petition was filed nineteen days beyond the time limit set by §2244(d)(1).

Section 2244's one year-statute of limitations is also subject to equitable tolling.  However, "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair'.  Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights'.  Moreover, to be entitled to equitable tolling, '[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claim'.  Mere excusable neglect is not sufficient [citations omitted]." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.), *cert. denied*, 123 S.Ct. 2617 (2003).

The Third Circuit has explained that "equitable tolling may be appropriate" where: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum [citation omitted]." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).  Other instances in which equitable tolling may be appropriate include "where a motion for appointment of counsel is pending or where the court has misled the plaintiff into believing that [he] had done everything required of [him]".  *Id.*

In the final analysis, a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.  *Id.*  Nothing in the record reveals that Mr. Williams' petition falls into a category which demands

equitable tolling. Therefore, I find that this untimely habeas petition does not warrant federal review, and I recommend that it be denied.

## **RECOMMENDATION**

For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED AS TIME-BARRED. It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.

        BY THE COURT:


        S/M. FAITH ANGELL
        M. FAITH ANGELL
        UNITED STATES MAGISTRATE JUDGE